UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

DIOSELYN GONZALEZ,

                        Plaintiff,

v.

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
POLICE OFFICER YAJAIRA TORRES, POLICE
OFFICER ROSALIND JAIME, POLICE OFFICER
BROWNE, SERGEANT KEVIN GRAYSON,
SERGEANT F. RODRIGUEZ, SERGEANT P.
PRENDERGAST and JOHN DOES "1" through "4",
persons employed by the NEW YORK CITY POLICE
DEPARTMENT,

                        Defendant(s).

------------------------------------------------------------------X

Civil Action:

VERIFIED COMPLAINT

Jury Trial Demanded

## INTRODUCTION

Dioselyn Gonzalez, of New York hereby asserts the following claims against the defendants in the above entitled action:

1. Violation of 42 U.S.C. 1983: arrest;
2. Violation of 42 U.S.C. 1983: detention and confinement;
3. Violation of 42 U.S.C. 1983: refusing or neglecting to prevent;
4. False arrest and imprisonment;
5. Battery;
6. Intentional infliction of emotional distress;
7. Negligence;

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. §'s 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. §'s 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this Court for the pendent claims is authorized by F.R.C.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715 (1966).
3. This cause of action arose in the County of Bronx, State of New York which lies within the Southern District of New York.
4. Venue is based on 28 U.S.C. 1391(b).

## PARTIES

5. Plaintiff, Dioselyn Gonzalez, is a natural person residing at 984 Sheridan Avenue, Bronx, New York, Bronx County, New York; and was a resident of New York during all relevant times of this action.
6. Defendant, The City of New York (NYC), is a municipal corporation, organized under the laws of the State of New York. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby.
7. Defendant, the New York City Police Department (NYPD), was and is an agency of NYC.
8. Upon information and belief, defendants Police Officer Yajaira Torres, Police Officer Rosalind Jaime, Police Officer Browne, Sergeant Kevin Grayson, Sergeant F. Rodriguez, Sergeant P. Prendergast and John Does "1" through "4" (John Does), were and are employees of the NYPD.
9. That at all relevant times to this complaint defendants Police Officer Yajaira Torres, Police Officer Rosalind Jaime, Police Officer Browne, Sergeant Kevin Grayson, Sergeant F. Rodriguez, Sergeant P. Prendergast and John Does acted toward plaintiff under color of the statutes, rules and regulations of the State of New York, NYC, and NYPD.

## FACTS

10. On or about December 15, 2008 at approximately 7:25 p.m., at or near 1189 Walton Avenue in Bronx, New York, Police Officer Yajaira Torres arrested the plaintiff without probable cause.

11. During the course of the plaintiff's false arrest plaintiff was struck in or about her head, neck and lower back by defendants through no fault or negligence of her own.
12. As a result of such contact the plaintiff was caused to suffer bruising and lacerations to her arm, shoulder, hand, face, and lower back requiring medical care and treatment.
13. Plaintiff was wrongfully accused and imprisoned in Bronx, New York on charges of Assault and other related charges for a period in excess of ten (10) hours.

### COUNT I: VIOLATIONS OF 42 U.S.C. 1983 : ARREST

14. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 13 above with the same force and effect as if herein set forth.
15. At all times relevant herein the conduct of the defendants were subject to 42 U.S.C. §'s 1983, 1985, 1986, and 1988.
16. Acting under the color of law, defendants worked a denial of plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal law, to wit:

    a. By depriving the plaintiff of her liberty without due process of law, by taking her into custody and holding her there against her will.

    b. By making an unreasonable search and seizure of her property without due process of law.

    c. By conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny plaintiff equal protection of laws.

    d. By refusing or neglecting to prevent such deprivations and denials to plaintiff thereby depriving plaintiff of her rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

17. Defendants NYC and NYPD negligently trained defendants Police Officer Yajaira Torres, Police Officer Rosalind Jaime, Police Officer Browne, Sergeant Kevin Grayson, Sergeant F. Rodriguez, Sergeant P. Prendergast and John Does.

18. Wherefore, plaintiff demands judgment for false arrest against all defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgment against each of said defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT II: VIOLATIONS OF 42 U.S.C. 1983 DETENTION AND CONFINEMENT

19. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 18 above with the same force and effect as if herein set forth.

20. As a result of their concerted unlawful and malicious detention and confinement of plaintiff, defendants deprived plaintiff of both her right to liberty without due process of law and her right to equal protection of the laws, and the due course of justice was impeded in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. 1983.

21. Wherefore, plaintiff demands judgment for false detention and confinement against all defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgment against each of said defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT III: VIOLATIONS OF 42 U.S.C. 1983 : REFUSING OR NEGLECTING TO PREVENT

22. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 21 above with the same force and effect as if herein set forth.

23. At all times relevant to the complaint, defendants Sergeant Kevin Grayson, Sergeant F. Rodriguez, Sergeant P. Prendergast and John Does as police officers of the NYPD were acting under the direction and control of defendant NYC.

24. Acting under color of law and pursuant to official policy Police Officer Yajaira Torres, Police Officer Rosalind Jaime, Police Officer Browne, Sergeant Kevin Grayson, Sergeant F. Rodriguez, Sergeant P. Prendergast, John Does, NYPD and NYC knowingly, recklessly or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis defendant police officers in their duties to refrain from:

    a. Unlawfully and maliciously harassing a citizen who was acting in accordance with her constitutional and statutory rights, privileges, and immunities;

    b. Unlawfully and maliciously arresting, imprisoning, and prosecuting a citizen who was acting in accordance with her constitutional and statutory rights, privileges, and immunities;

    c. Conspiring to violate the rights, privileges, and immunities guaranteed to plaintiff by the Constitution and the laws of the United States and the laws of the State of New York;

    d. Otherwise depriving plaintiff of her constitutional and statutory rights, privileges and immunities.

25. Unlawfully and maliciously harassing a citizen who was acting in accordance with her constitutional and statutory rights, privileges, and immunities.

26. Unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with her constitutional and statutory rights, privileges and immunities.

27. Conspiring to violate the rights, privileges and immunities guaranteed to plaintiff by the Constitution and laws of the United States and the laws of the State of New York.

28. Otherwise depriving the plaintiff of her constitutional and statutory rights privileges and immunities.

29. Defendants Police Officer Yajaira Torres, Police Officer Rosalind Jaime, Police Officer Browne, Sergeant Kevin Grayson, Sergeant F. Rodriguez, Sergeant P. Prendergast, John Does, NYC and NYPD had knowledge of, or had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants Police Officer Yajaira Torres, Police Officer Rosalind Jaime, Police Officer Browne, Sergeant Kevin Grayson, Sergeant F. Rodriguez, Sergeant P. Prendergast, John Does, NYC and the NYPD had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

30. Defendants Police Officer Yajaira Torres, Police Officer Rosalind Jaime, Police Officer Browne, Sergeant Kevin Grayson, Sergeant F. Rodriguez, Sergeant P. Prendergast, John Does, NYC and the NYPD directly or indirectly under color of law approved or ratified the unlawful deliberate, malicious, reckless, and wanton conduct of defendant police officers heretofore described.

31. As a direct and proximate cause of the negligent and intentional acts of defendants Police Officer Yajaira Torres, Police Officer Rosalind Jaime, Police Officer Browne, Sergeant Kevin Grayson, Sergeant F. Rodriguez, Sergeant P. Prendergast, John Does, NYC and the NYPD as set forth in paragraphs 1 through 30 above, plaintiff suffered physical injury, loss of income, and severe mental anguish in connection with the deprivations of her constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

32. Wherefore, plaintiff demands judgment against all defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgment against each of said defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT IV: FALSE ARREST AND IMPRISONMENT

33. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 32 above with the same force and effect as if herein set forth.

34. At all times relevant herein the defendants acted with the intention of confining plaintiff within fixed boundaries, directly resulting in the confinement of plaintiff of which the plaintiff was aware.

35. Wherefore, plaintiff demands judgment for false arrest against all defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgment against each of said defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT V: BATTERY

36. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 35 above with the same force and effect as if set forth herein.

37. Without the consent of plaintiff, Police Officer Yajaira Torres, Police Officer Rosalind Jaime, Police Officer Browne, Sergeant Kevin Grayson, Sergeant F. Rodriguez, Sergeant P. Prendergast and John Does intentionally, harmfully, and offensively touched plaintiff.

38. Wherefore, plaintiff demands judgment for false arrest against all defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgment against each of said defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 38 above with the same force and effect as if set forth herein.

40. Defendants intentionally and deliberately inflicted emotional distress on plaintiff by maliciously prosecuting plaintiff, or by violating plaintiff's constitutional rights, or by falsely arresting and imprisoning the plaintiff, or by interfering with plaintiff's state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

41. Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized society.

42. Wherefore, plaintiff demands judgment against all defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgment against each of said defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT VII: NEGLIGENCE

43. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 42 above with the same force and effect as if herein set forth.

44. Defendants Police Officer Sergeant Kevin Grayson, Sergeant F. Rodriguez, Sergeant P. Prendergast, John Does, NYC and NYPD owed a duty to supervise or train the officers and to take steps to prevent events such as occurred here, to wit, the false arrest and imprisonment and the filing of criminal charges not supported by probable cause.

45. Wherefore, plaintiff demands judgment against all defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgment against each of said defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars

($10,000,000.00), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

Dated: December 13, 2011
Bronx, New York

*John R. Kelly*

John R. Kelly, Esq.
Attorney for Plaintiff
901 Sheridan Avenue, Suite 201
Bronx, NY 10451
Tel: (718) 293-1101
Fax: (718) 293-5395

## VERIFICATION

State of New York       )
                        ) ss:
County of Bronx         )

I, Dioselyn Gonzalez, being duly sworn, deposes and says that I have read the above Verified Complaint and know the contents thereof, that the same is true to my own knowledge, except as to those stated to be on information and belief, and as to those matters I believe them to be true.

*[signature]*
DIOSELYN GONZALEZ

Sworn to before me this
27   day of May, 2011

*[signature]*
NOTARY PUBLIC

Icelsa P. Gonzalez
Notary Public, New York County
Registration#-01GO6156940
My Commission Expires 12/04/2014